Filed 12/5/14

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| MICHAEL DRELL, | B253688 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC522276) |
| v. | |
| BOB M. COHEN et al., | |
| Defendants and Appellants. | |


APPEAL from an order of the Superior Court of Los Angeles County.  Michael L. Stern, Judge.  Affirmed.


Barry L. Cohen & Associates, Barry L. Cohen and El Mahdi Young for Defendants and Appellants.


Law Offices of Robert S. Fink and Robert S. Fink for Plaintiff and Respondent.


_____

Defendants Bob M. Cohen and Bob M. Cohen and Associates Law Corporation represented nonparty Paul Slack in a personal injury action on a contingent fee basis. They withdrew from the representation and plaintiff Michael Drell took over Mr. Slack's case. Defendants asserted an attorney fee lien, informing one of the insurers in the personal injury case that any payment of funds to Mr. Slack was subject to a lien for their fees incurred during their representation.

Plaintiff negotiated the settlement of Mr. Slack's case, but the insurer made the check payable to plaintiff and *defendants*. Plaintiff filed this declaratory relief action, to determine the status of defendants' lien. Defendants filed a special motion to strike the complaint, averring it arose from their protected activity of asserting a lien in a demand letter that threatened litigation. (Code Civ. Proc., § 425.16, subd. (b)(1).)[1] The trial court denied the motion, finding the gravamen of the complaint was not protected activity. The trial court also denied plaintiff's request for attorney fees.

On appeal, defendants contend the trial court erred in denying their motion, reasoning the assertion of their lien was a statement made in anticipation of litigation, and that plaintiff's declaratory relief action therefore targeted protected activity. (§ 425.16, subd. (b)(1).) Although plaintiff did not cross-appeal, he contends the trial court erred when it denied his attorney fees in opposing defendants' motion, and urges that this court should award his fees incurred below, as well as on appeal, for defendants' "frivolous" motion and appeal.

We agree with the trial court that this lawsuit does not arise from protected activity, and affirm the order below. We deny plaintiff's request for attorney fees.

## BACKGROUND

On January 19, 2011, Mr. Slack retained defendants to represent him following an automobile collision, with a contingent fee contract entitling defendants to 40 percent of any recovery he obtained. On November 16, 2011, defendants moved to be relieved as

---

[1] All further statutory references are to the Code of Civil Procedure.

2

counsel. The motion was granted on November 23, 2011. On December 5, 2011, defendants filed an attorney fee lien with the insurance carrier of one of the defendants, Artyom Musakhanyan, in the underlying action.

Mr. Slack retained plaintiff as his new counsel on August 8, 2012, on a contingent fee basis. On March 7, 2013, the trial court approved a good faith settlement between Mr. Slack and Mr. Musakhanyan (as well as defendant United Independent Taxi Drivers, Inc.). Mr. Musakhanyan's insurance carrier made the settlement check payable to plaintiff and defendants. Therefore, a dispute arose as to the entitlement to attorney fees from the settlement check, and plaintiff filed his declaratory relief action to determine the parties' respective rights to fees.

Defendants filed a special motion to strike the complaint under section 425.16, contending it arose from their protected petitioning activity. Defendants argued that plaintiff filed his action "because [defendants] lawfully asserted [their] lien rights." Defendants reasoned the complaint "flows entirely from the Underlying Action." Defendants alternatively argued that the lien was asserted in anticipation of litigation and therefore qualified as protected activity.

In support of their motion, defendant Bob M. Cohen submitted a declaration averring the lien letter to the insurer was sent "for purposes of preserving [defendants'] lien rights and also in anticipation of litigation. [The] lien was destined for litigation as evidenced by acrimony that developed between [defendants] and Mr. Slack and the circumstances that gave rise to [defendants'] withdrawal." The letter sent to Mr. Musakhanyan's insurer provided, "Demand is hereby made that you protect our liens by including our firm name on each and every draft that is issued in payment of any aspect of the above-referenced claim. In the event . . . any . . . payment is issued which does not include our firm name, we will look to you and your employer for damages for acting in derogation of our equitable liens." (Underscore omitted.)

3

Plaintiff countered that defendants' anti-SLAPP[2] motion was frivolous, as the complaint was not based on defendants' protected litigation conduct, but rather on the disputed validity of defendants' lien. Plaintiff sought his costs and fees in opposing the motion, averring that he was required to retain outside counsel in response to the "frivolous" motion. (Capitalization and underscore omitted.)

The trial court agreed with plaintiff and found that defendants failed to make a prima facie showing that the complaint arose from protected activity. However, the court denied plaintiff's request for attorney fees.

Defendants filed a timely notice of appeal. Plaintiff did not cross-appeal the ruling on the fee request.

## DISCUSSION

## I.      Anti-SLAPP Motion

A defendant may bring a special motion to strike any cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) When ruling on an anti-SLAPP motion, the trial court employs a two-step process. It first looks to see whether the moving party has made a prima facie showing that the challenged causes of action arise from protected activity. (*Id.*, subd. (b)(2).) If the moving party meets this threshold requirement, the burden then shifts to the other party to demonstrate a probability of prevailing on its claims. (*Id.*, subd. (b)(3); see *Taus v. Loftus* (2007) 40 Cal.4th 683, 712.) In making these determinations, the trial court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) Our review is de novo. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

---

**2**      SLAPP is an acronym for "strategic lawsuit against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.)

4

The moving party has the initial burden of making a prima facie showing that one or more causes of action arise from an act in furtherance of the constitutional right of petition or free speech in connection with a public issue. (§ 425.16, subd. (e); *Equilon Enterprises v. Consumer Cause, Inc.*, *supra*, 29 Cal.4th at p. 67.) The motion must be denied if the required prima facie showing is not made. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80.) Statements made in litigation, or in connection with litigation, are protected by section 425.16, subdivision (e). (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115.) Courts have taken a fairly expansive view of what constitutes litigation-related activity for purposes of section 425.16. (See *Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 908.) In making a prima facie showing, however, it is not enough to establish that the action was filed in response to or in retaliation for a party's exercise of the right to petition. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89; *City of Cotati*, *supra*, at pp. 76-77.) Rather, the claim must be *based on* the protected petitioning activity. (*Navellier*, at p. 89.)

When a cause of action involves both protected and unprotected activity, the court looks to the gravamen of the claim to determine if the claim is a SLAPP. (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 672.) Protected conduct which is merely incidental to the claim does not fall within the ambit of section 425.16. (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188; *Peregrine*, *supra*, at p. 672.) Where the protected activity will only be used as evidence in the case, and no claim is based on it, the protected activity is only incidental to the claims. (*Wang v. Wal-Mart Real Estate Business Trust* (2007) 153 Cal.App.4th 790, 809-811.) Determining the gravamen of the claims requires examination of the specific acts of alleged wrongdoing and not just the form of the claim. (*Peregrine*, *supra*, at pp. 671-673.)

Defendants contend the complaint is based on the assertion of their lien in the demand letter to Mr. Musakhanyan's insurer, which was "related to litigation contemplated in good faith . . . ." Defendants argue that attorney demand letters, made in anticipation of litigation, are protected under section 425.16, and that attorney lien claims

5

should be subject to the same standard. (See *Malin v. Singer* (2013) 217 Cal.App.4th 1283, 1293.) Defendants are correct that a demand letter may be protected, but a complaint is not a SLAPP suit unless the gravamen of the complaint is that defendants acted wrongfully by engaging in the protected activity. The complaint here did not allege defendants engaged in wrongdoing by asserting their lien. Rather, the complaint asked the court to declare the parties' respective rights to attorney fees. The complaint necessarily refers to defendants' lien, since their demand letter is key evidence of plaintiff's need to obtain a declaration of rights,[3] but the complaint does not seek to prevent defendants from exercising their right to assert their lien.

It is well settled that not all litigation-related conduct is protected activity. (See, e.g., *California Back Specialists Medical Group v. Rand* (2008) 160 Cal.App.4th 1032, 1036-1037 [lawsuit concerning the validity of medical liens asserted in a personal injury action did not target protected activity]; *Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 189-194 [lawsuit by court reporters to recover fees incurred in underlying action did not target protected activity].) None of the purposes of the anti-SLAPP statute would be served by elevating a fee dispute to the constitutional arena, thereby requiring a party seeking a declaration of rights under an attorney lien to demonstrate a probability of success on the merits in order to obtain equitable relief.

## II.    Attorney Fees

Plaintiff seeks an award of his attorney fees below, and on appeal, arguing that defendants' motion and appeal are frivolous. "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion." (§ 425.16, subd. (c)(1); see also § 907 ["When it appears to the reviewing court that the appeal was

---

[3]     A claim for declaratory relief may be made when "[a]ny person . . . desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . in cases of actual controversy relating to the legal rights and duties of the respective parties . . . ." (§ 1060.)

6

frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."].)

Plaintiff did not cross-appeal the trial court's order denying him fees, and therefore, we will not consider plaintiff's request for fees incurred in the trial court. (*Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439 ["As a general matter, 'a respondent who has not appealed from the judgment may not urge error on appeal.' "].) As for this appeal, we find it has no merit whatsoever and is poorly conceived. We are not persuaded that is enough for us to declare it to be frivolous or brought for the purpose of delay, so we decline to award attorney fees incurred on appeal.

## DISPOSITION

The order is affirmed. Respondent is to recover his costs on appeal.


GRIMES, J.

We concur:

BIGELOW, P. J.


RUBIN, J.


7