Filed 4/28/16  Schultz v. Schultz CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARTA SCHULTZ, | B263243 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC496841) |
| v. | |
| ERIK SCHULTZ et al., | |
| Defendants and Appellants. | |

_____

APPEAL from an order of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Affirmed in part and reversed in part.

Carlsen Law Corporation and Miles Carlsen for Defendants and Appellants.

Southern California Law Group and Ross K. Reghabi and Ross Hoonanian for Plaintiff and Respondent.

_____

Erik Shultz appeals from the trial court's denial of his motion under Code of Civil Procedure section 425.16[1] to strike portions of the first amended cross-complaint of Marta Schultz. We affirm in part and reverse in part.

## BACKGROUND

Erik and Marta Schultz are the adult children of Juanita Schultz.[2] On December 5, 2012, when Juanita was 81, Eric filed a complaint against Marta for defamation and intentional infliction of emotional distress. Eric alleged that Marta made false statements about him to Juanita, including that Erik was stealing Juanita's money, trying to give away or injure Juanita's dogs, planning to kidnap Juanita from her home in Arizona, and that Erik had cut Marta out of Juanita's will. On April 22, 2014, Marta filed a first amended cross-complaint against Erik, also for defamation and intentional infliction of emotional distress. Marta alleged that Erik made false statements about her in a December 10, 2012 email (the email) Erik sent to his attorney and to Juanita's attorney, including that Marta was an elder abuser, was stealing money from Juanita, and was using "mentally abusive practices" to influence Juanita against Erik. The cross-complaint attached the email as an exhibit.

Erik filed a motion to strike paragraphs 12 and 13 of Marta's cross-complaint under section 425.16 on June 20, 2014. Erik asserted that the allegations in these paragraphs arose out of his statements in the email, which were absolutely privileged activity as statements to an attorney in the context of litigation. Paragraph 12 states: "During the period when Juanita exhibited dementia/Alzheimer's symptoms, Erik falsely represented to Rudy S[tad]elman (Juanita's personal attorney) and/or third parties that [Marta] is committing elder abuse and attempting to steal money from her mother." Paragraph 13 states: "The fact remains that Marta was trying to protect the interest of her ailing mother, while Erik falsely represented, reissued, and reinforced to Juanita that

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] We use the Schultzes' first names for clarity, intending no disrespect.

Marta was using witchcraft against Juanita. Furthermore, Erik represented to Juanita that Marta was attempting to kidnap her, however this statement was far from the truth." Marta filed an opposition and Erik replied.

On February 9, 2015, the trial court denied the special motion to strike, concluding that Paragraph 12 described protected statements, but Erik had not shown a probability of prevailing, as his communications in the email were made with malice. Paragraph 13 did not describe protected activity. Erik filed this timely appeal.

## DISCUSSION

Section 425.16, known as the anti-SLAPP statute, authorizes the early dismissal of SLAPP actions, and "'SLAPP' is an acronym for 'strategic lawsuit against public participation.'" (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1244, fn. 1.) Subdivision (b)(1) of the statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The statute allows for the summary disposition of meritless lawsuits intended "'to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances.'" (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1015.)

"When ruling on an anti-SLAPP motion, the trial court employs a two-step process. It first looks to see whether the moving party has made a prima facie showing that the challenged causes of action arise from protected activity. [Citation.] If the moving party meets this threshold requirement, the burden then shifts to the other party to demonstrate a probability of prevailing on its claims. [Citations.] In making these determinations, the trial court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).) Our review is de novo." (*Drell v. Cohen* (2014) 232 Cal.App.4th 24, 29.) If Erik, the party moving to strike, does not make "a prima facie showing that one or

3

more causes of action arise from an act in furtherance of the constitutional right of petition or free speech in connection with a public issue," the motion must be denied. (*Ibid.*) "[S]tatements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest." (*Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 35.) Section 425.16 "'protect[s] the right of litigants to "'the utmost freedom of access to the courts without [the] fear of being harassed subsequently by derivative tort actions.'"'" (*Ibid.*)

Paragraph 13's allegations that Erik falsely told Juanita that Marta was using witchcraft and was attempting to kidnap Juanita describe statements that do not appear in Erik's email to his and Juanita's lawyers. These purportedly false statements, made by Erik to his mother Juanita, were not in connection with the litigation and therefore paragraph 13 does not describe protected activity.

In contrast, paragraph 12 of Marta's cross-complaint is based on protected statements (that Marta committed elder abuse and stole from Juanita) which Eric made in connection with ongoing litigation. Erik's email to his and Juanita's lawyers, dated five days after he filed his initial complaint, stated that Marta "has employed mentally abusive practices to poison my mother's mind" and had falsely told Juanita "that I am stealing or trying to steal her money." The email constitutes statements made in connection with the ongoing litigation and is protected activity under section 425.16.[3]

The burden then shifted to Marta to demonstrate a probability of prevailing on her claims in paragraph 12 that when Eric told the attorneys that she was abusing Juanita and

---

[3] Marta's respondent's brief argues that the challenged portions of her cross-complaint do not qualify as statements made to an attorney *in anticipation* of litigation. This is irrelevant, as the statements were made *during* ongoing litigation. Further, the respondent's brief is not paginated and does not contain a single citation to the record, in blatant violation of rule 8.204(b)(7) and rule 8.204(a)(1)(C) of the California Rules of Court. Instead of striking the brief, however, we have chosen to disregard its defects and consider Marta's arguments. (*Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 694, fn. 1.)

4

trying to steal her money, Eric defamed Marta and intentionally inflicted emotional distress.  Civil Code section 47, subdivision (b) describes the litigation privilege, which applies to communications made in judicial proceedings by litigants to achieve the objects of the litigation, and with some logical relation to the action.  (*Rohde v. Wolf*, *supra*, 154 Cal.App.4th at p. 37.)  Like section 425.16, the litigation privilege protects the litigant's right to access to the courts without fearing harassment by derivative tort actions.  (*Ibid*.)  Further, the litigation privilege under Civil Code section 47, subdivision (b) "'is absolute in nature, applying "to *all* publications, irrespective of their maliciousness,"'" and "'may present a substantive defense plaintiff must overcome to demonstrate a possibility of prevailing.'"  (*Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 964, 963.)  Erik's statements in the email to the attorneys are absolutely privileged, which provides an impervious substantive defense to Marta's causes of action for defamation and intentional infliction of emotional distress.  Marta failed to meet her burden to make a prima facie showing of a probability of prevailing in her action on the allegations in paragraph 12.  The trial court erred in denying Erik's anti-SLAPP motion as to paragraph 12.

Erik argues that his anti-SLAPP motion challenged additional paragraphs in the complaint.  His June 20, 2014 notice of motion referenced only paragraphs 12 and 13.  Erik includes in his appellant's appendix a revised notice of motion dated August 13, 2014 (not bearing a file stamp).  The revised notice stated that his initial notice was incorrect, and he also intended to request (as is reflected in the body of the motion) that the trial court strike paragraphs 10, 15, and 24 to 32.  The court's order addresses only paragraphs 12 and 13.  As the record Erik provided does not show that the trial court had the opportunity to consider whether to strike additional paragraphs from the complaint, we decline to decide the issue on appeal.  Nevertheless, the rationale expressed in this opinion applies to the additional paragraphs.

## DISPOSITION

The trial court is ordered to strike paragraph 12 from the first amended cross-complaint. In all other respects, the order is affirmed. Erik and Sue Schultz shall recover their costs on appeal.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.