Filed 4/27/22  Stuart Kane v. The Law Offices of J.D. Cuzzolina CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STUART KANE LLP,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>THE LAW OFFICES OF J.D. CUZZOLINA, ESQ.,<br><br>    Defendant and Appellant. | G060172<br><br>(Super. Ct. No. 30-2020-01153353)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed in part and reversed in part.

James D. Cuzzolina for Defendant and Appellant.

Stuart Kane, Donald J. Hamman, and Eve A. Brackmann for Plaintiff and Respondent.

\*          \*          \*

Defendant the Law Offices of J.D. Cuzzolina, Esq. appeals from the court's order denying its special motion to strike (anti-SLAPP motion) under Code of Civil Procedure section 425.16.[1]  The court found plaintiff Stuart Kane LLP's declaratory relief action did not arise from protected activity.  The court also held the anti-SLAPP motion was frivolous and ordered defendant pay $5,000 in costs and fees to plaintiff.

Defendant raises three arguments on appeal.  First, defendant contends plaintiff's declaratory relief action arises from protected activity because it is based on defendant's professional representation of its client and an underlying settlement agreement.  Second, defendant argues plaintiff cannot prevail on the merits of its claim for declaratory relief.  Finally, defendant claims the court erred by awarding costs and fees to plaintiff because the anti-SLAPP motion was not frivolous.  Defendant alternatively argues plaintiff cannot recover attorney fees because it is a self-representing law firm.

We agree with defendant's latter contention—attorney fees and costs were not authorized.   In all other respects, we affirm the order.


FACTS

*The Complaint*

In July 2020, plaintiff filed the operative complaint in the instant action against defendant and Reza Parsi, who is not a party to this appeal.  The complaint alleges Parsi retained plaintiff to represent him in a lawsuit in October 2013.  Their engagement letter and agreement included the following provision, which is central to this appeal:  "'We request that you grant us a lien on any and all claims or causes of action that are the subject of our representation of you.  The lien will be for any sums

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

owing to us at the conclusion of our services. The lien will attach to any recovery you may obtain whether by arbitration award, judgment, settlement or otherwise.'"

Plaintiff ultimately withdrew from representing Parsi for certain ethical reasons. Parsi retained new counsel, prevailed at trial, and was awarded $346,993.39 in attorney fees. At that time, Parsi had not paid plaintiff for all of its services.

Parsi then retained defendant to represent him in a judgment collection action. The complaint alleges defendant received $650,000 "as a result of its efforts to collect the award to Parsi," had been paid in full, and retained funds "in an amount sufficient to pay [plaintiff] for its services, with interest pursuant to the [engagement letter and agreement]."

The complaint accordingly asserted a cause of action for declaratory relief seeking "a judicial determination of [plaintiff's] rights and duties . . . and a declaration that: (A) [plaintiff] has a lien in and to those Funds delivered to [defendant] in satisfaction of the award to Parsi in the action, excluding the amounts payable or paid to [defendant], (B) [defendant] holds such Funds as a constructive trustee for the benefit of [plaintiff], (C) if and to the extent that such Funds were paid to Parsi before notice was given to [defendant], then Parsi holds those Funds subject to the lien of [plaintiff], and (D) for such other and further equitable relief under the circumstances declaring the rights of [plaintiff] and Parsi under the [engagement] Agreement."

*The Anti-SLAPP Motion*

In October 2020, defendant filed an anti-SLAPP motion. The motion provided additional background regarding defendant's legal representation of Parsi. Defendant was retained to represent Parsi in two lawsuits in May 2019, and defendant filed a probate action on behalf of Parsi in November 2019. In April 2020, Parsi settled all three actions in exchange for $650,000. The following month, the court "granted Parsi's ex-parte making the parties' stipulation for settlement the order of the court."

3

Among other things, the order required plaintiff dismiss the cases with prejudice and file an acknowledgement of satisfaction of judgment. In July 2020, defendant received and delivered the settlement proceeds to Parsi but retained $5,000 of the settlement to close out the cases. Before filing the instant action, plaintiff informed defendant it had a lien on a portion of the funds pursuant to plaintiff's engagement agreement with Parsi.

Given these facts, defendant argued plaintiff's declaratory relief claim arose from protected activity in which defendant had engaged. Defendant emphasized plaintiff's claim arose from defendant's settlement of the lawsuits, which is "core petitioning activity for purposes of [s]ection 425.16." Defendant also argued plaintiff could not demonstrate a minimal prospect of prevailing on the merits.

Plaintiff filed an opposition and argued its declaratory relief claim did not arise from protected activity. Plaintiff explained the complaint "simply requests . . . declaratory relief as to the existence and validity of [plaintiff's] attorney's lien against the attorney's fee award collected and retained by [defendant]." Contrary to defendant's assertion, plaintiff argued the complaint did not attack defendant for settling the underlying action or for any settlement-related conduct. Finally, plaintiff claimed it had established a probability of prevailing on the merits and requested the court sanction defendant for its frivolous motion.

*The Court's Order Denying the Anti-SLAPP Motion*

The court denied the anti-SLAPP motion. First, the court found "the gravamen of the complaint is for declaratory relief concerning the validity of the plaintiff's attorney fee lien over funds held by the defendant law firm in its trust account." Citing *Drell v. Cohen* (2014) 232 Cal.App.4th 24 (*Drell*), the court concluded defendant could not meet its burden of showing it engaged in protected activity as required by the first prong of the anti-SLAPP statute. Second, the court granted plaintiff's request for sanctions and ordered defendant pay $5,000 in costs and fees to

4

plaintiff pursuant to section 425.16, subdivision (c). The court reasoned the anti-SLAPP motion was frivolous because "the purpose of the motion was to cause unnecessary delay" and "running up . . . costs of litigation for the plaintiff over what . . . defendant conceded in argument was a trust fund account of less than $5,000."

DISCUSSION

Defendant contends the court erred by denying its anti-SLAPP motion. It argues plaintiff's action arises from protected activity because it is based on defendant's "professional representation of his client and carrying out of the terms of the parties' settlement and the court's order in the underlying matter." Defendant also argues plaintiff cannot prevail on the merits because the claim for declaratory relief is time-barred. Finally, defendant claims the court erred by imposing sanctions because the anti-SLAPP motion was not frivolous and plaintiff cannot recover fees as a self-representing law firm.

We disagree with defendant's first two contentions. The court properly found plaintiff's claim did not arise from protected activity because the claim simply seeks to determine the validity of plaintiff's attorney fee lien. Because the claim has nothing to do with protected free speech or petitioning activity, the court did not need to address whether plaintiff could prevail on the merits. With respect to the $5,000 in costs and fees awarded to plaintiff, we agree the court erred. Plaintiff litigated the anti-SLAPP motion itself so it was not entitled to a fee award.

*Applicable Law and Standard of Review*

"[T]he anti-SLAPP statute is designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern. [Citations.] To that end, the statute authorizes a special motion to strike a claim 'arising from any act of that person in furtherance of the person's right of petition

5

or free speech under the United States Constitution or the California Constitution in connection with a public issue.'" (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883-884.)

The trial court conducts a potentially two-step inquiry to evaluate an anti-SLAPP motion. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).) First, the court must decide whether the defendant has met its burden of establishing the plaintiff's claim *arises from* protected activity in which the defendant has engaged. (*Ibid.*) Second, assuming defendant has met its burden, the court determines whether the plaintiff has established "there is a probability . . . the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) In meeting this burden, "the plaintiff must show the claim has 'at least "minimal merit."'" (*Bonni*, at p. 1009.)

We review the court's ruling de novo, applying the legal principles discussed above. (*Falcon Brands, Inc. v. Mousavi & Lee, LLP* (2022) 74 Cal.App.5th 506, 518.)

*Protected Activity*

In determining whether plaintiff's declaratory relief action arises from protected activity, "the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.) "[C]ourts are to 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.'" (*Bonni*, *supra*, 11 Cal.5th at p. 1009.) "The defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity." (*Ibid.*)

The anti-SLAPP statute identifies four categories of protected activity. (§ 425.16, subd. (e)(1)-(4).) This includes statements made in litigation, or in connection

6

with litigation. (*Drell*, *supra*, 232 Cal.App.4th at p. 29.) Settlement negotiations are also generally protected. (*Bonni*, *supra*, 11 Cal.5th at p. 1024.) But "a complaint is not a SLAPP suit unless the gravamen of the complaint is that defendants acted wrongfully by engaging in the protected activity." (*Drell*, *supra*, 232 Cal.App.4th at p. 30.)

Here, plaintiff's claim for declaratory relief seeks a judicial determination of plaintiff's rights and duties and a declaration that: "(A) [plaintiff] has a lien in and to those Funds delivered to [defendant] in satisfaction of the award to Parsi in the action, excluding the amounts payable or paid to [defendant], (B) [defendant] holds such Funds as a constructive trustee for the benefit of [plaintiff], (C) if and to the extent that such Funds were paid to Parsi before notice was given to [defendant], then Parsi holds those Funds subject to the lien of [plaintiff], and (D) for such other and further equitable relief under the circumstances declaring the rights of [plaintiff] and Parsi under [their] Agreement." Plaintiff's claim does not assert defendant's settlement on behalf of Parsi is wrongful. It also does not attack the terms of the settlement agreement or defendant's litigation-related conduct. Instead, the declaratory relief claim concerns the validity of plaintiff's attorney fee lien over funds held by defendant. The gravamen of this action accordingly has nothing to do with protected activity.

*Drell*, *supra*, 232 Cal.App.4th 24 is instructive. In *Drell*, the court held a declaratory relief claim was not based on protected activity because it merely sought to "declare the parties' respective rights to attorney fees." (*Id.* at p. 30.) The attorney defendants represented their client in a personal injury action. (*Id.* at p. 26.) After withdrawing as counsel, they asserted an attorney fee lien and informed one of the insurers that any payment of funds to the client was subject to a lien for their fees. (*Id.* at pp. 26-27.) The plaintiff, who was the client's new counsel, negotiated a settlement in the personal injury action, and the insurer made the check payable to both the plaintiff and the defendants. (*Id.* at p. 27.) The plaintiff filed a declaratory relief action seeking to determine the status of the defendants' lien. (*Ibid.*) In denying the defendants' anti-

7

SLAPP motion, the court emphasized the complaint did not allege the defendants engaged in any wrongdoing. (*Id.* at p. 30.) Instead, the complaint sought a declaration regarding the parties' respective rights to attorney fees. (*Ibid.*) The court concluded: "None of the purposes of the anti-SLAPP statute would be served by elevating a fee dispute to the constitutional arena . . . ." (*Ibid.*)

Defendant contends *Drell* is distinguishable because plaintiff's complaint seeks a judicial determination that defendant holds the funds as a constructive trustee for plaintiff's benefit. Given these allegations regarding a constructive trust, defendant claims the complaint "necessarily alleges [defendant] acquired the property by a 'wrongful act, fraud, breach of fiduciary duty, or other act entitling . . . plaintiff to relief at the expense of . . . defendant.'" While a constructive trust can arise from fraud or a wrongful act, it also can rise out of accident or mistake. (Civ. Code, § 2224 ["One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it"].) Here, the complaint does not allege a constructive trust arose from any fraud or wrongful act. Instead, the complaint simply seeks a declaration that defendant "holds [the] Funds as a constructive trustee for the benefit of [plaintiff]." This sole allegation does not establish "the gravamen of the complaint is . . . defendant[] acted wrongfully by engaging in the protected activity." (*Drell*, *supra*, 232 Cal.App.4th at p. 30.)

Defendant's reliance on *O&C Creditors Group, LLC v. Stephens & Stephens XII, LLC* (2019) 42 Cal.App.5th 546 also is misplaced. In *O&C Creditors*, the court held certain claims for attorney fees were subject to an anti-SLAPP motion because the claims were based on a purportedly wrongful settlement agreement. (*Id.* at p. 571.) Indeed, "the settlement agreement [was] the crux of cross-defendants' allegedly wrongful conduct." (*Ibid.*) The court concluded: "[C]ross-defendants' conduct in disbursing the

8

settlement proceeds—i.e., carrying out the terms of the settlement agreement—cannot be neatly cleaved from the indisputably protected activity of negotiating and agreeing to the settlement itself." (*Id.* at p. 569.) Unlike the complaint in *O&C Creditors*, plaintiff's complaint does not allege the underlying settlement is wrongful. The complaint simply suggests the settlement is subject to repayment of plaintiff's outstanding legal fees.

For the foregoing reasons, plaintiff's declaratory relief action does not arise from protected activity. We accordingly need not address the second prong of the anti-SLAPP analysis. (*Sheley v. Harrop* (2017) 9 Cal.App.5th 1147, 1162.)

*Sanctions*

Defendant further argues the court erred by awarding $5,000 in fees and costs to plaintiff because the anti-SLAPP motion was not frivolous. Defendant alternatively claims plaintiff cannot recover its attorney fees because it is a self-representing law firm. We agree with defendant's latter contention.

Under section 425.16, subdivision (c)(1), "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to [s]ection 128.5." "Frivolous in this context means that any reasonable attorney would agree the motion was totally devoid of merit." (*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 450.) "An order awarding attorneys' fees pursuant to section 128.5, as incorporated in section 425.16, subdivision (c), is reviewed under the abuse of discretion test." (*Ibid.*)

Although plaintiff claims sanctions for a frivolous anti-SLAPP motion are appropriate and distinguishable from the recovery of contractual attorney fees, a court cannot award sanctions in the form of attorney fees to a self-represented attorney under section 128.5. (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 520.) Because plaintiff litigated the anti-SLAPP motion itself, it was not entitled to a fee award.

9

We likewise are not persuaded by plaintiff's argument that it is entitled to its attorney fees on appeal.  While defendant's appeal lacks merit, we do not find there is egregious conduct warranting sanctions.  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651.)

DISPOSITION

The portion of the order granting fees and costs to plaintiff is reversed.  In all other respects, the order is affirmed.  The parties shall bear their own costs on appeal.

SANCHEZ, J.

WE CONCUR:

O'LEARY, P. J.

ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.