Peter KRASNOR, Plaintiff

v.

SPAULDING LAW OFFICE, Defendant.

Civil Action No. 09–30104–KPN.

United States District Court, D. Massachusetts.

Dec. 17, 2009.

Sergei Lemberg, Lemberg & Associates, Stamford, CT, for Plaintiff.

Scott D. Burke, Edward P. Lansdale, Morrison Mahoney LLP, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S MOTION TO DISMISS (Document No. 6)*

NEIMAN, United States Magistrate Judge.

Peter Krasnor ("Plaintiff") brings this debt collection action against the Spaulding Law Office ("Defendant"). In his complaint, Plaintiff asserts that Defendant, through its collection activities, violated both the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count I), and the Massachusetts Consumer Protection Act, Mass. Gen. L. ch. 93A ("chapter 93A") (Count II), and also is liable for a particular type of invasion of privacy (Count III).

With the parties' consent, this matter has been assigned to the undersigned for all purposes, including entry of judgment. *See* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73(b). Presently before the court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, the court will allow Defendant's motion with respect to Count II—inasmuch as Plaintiff has conceded his lack of standing with respect to the alleged violation of chapter 93A—but deny the motion with respect to Counts I and III.

### I. STANDARD OF REVIEW

While a defendant may seek dismissal under Rule 12(b)(6) for failing to state a claim upon which relief can be granted, a complaint actually only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R.Civ.P. 8(a)(2). According to the Supreme Court, this means that a plaintiff must allege enough facts so that the claim is "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), *i.e.,* the factual content pled should

"allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal,* — U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Granted, a plaintiff must assert "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1950 (noting as well that plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). It is well-established, however, that a court must indulge all reasonable inferences in the plaintiff's favor. *Cook v. Gates,* 528 F.3d 42, 48 (1st Cir.2008). At bottom, a complaint will survive a Rule 12(b)(6) dismissal if "the facts, evaluated in [the required] plaintiff-friendly manner, contain enough meat to support a reasonable expectation that an actionable claim may exist." *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.,* 547 F.3d 48, 51 (1st Cir.2008). *See also Chao v. Ballista,* 630 F.Supp.2d 170, 177 (D.Mass.2009) (describing *Thomas v. Rhode Is.,* 542 F.3d 944, 948 (1st Cir.2008), as "juxtaposing Rule 8(a)'s fair notice and plausibility requirements").

## II. BACKGROUND

The following facts are taken verbatim from Plaintiff's complaint:

3. Plaintiff . . . is an adult individual residing [in] Chicopee, Massachusetts. . . .

4. Defendant . . . is a domestic limited liability company with a mailing address [in] North Attleborough, Massachusetts 02761, operating as a collection agency. . . .

. . . .

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes. . . .

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff. . . .

9. The Defendant [also] threatened to sue the Plaintiff without any intention of actually doing so.

10. The Defendant asked the Plaintiff the location of his employment and threatened to garnish his wages.

11. The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

12. The Defendant used abusive language in the communications with the Plaintiff.

13. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

(Complaint ¶¶ 3, 4 and 6–13.)

Plaintiff goes on to allege in Count I that Defendant violated various portions of the FDCPA. Plaintiff first asserts that Defendant violated 15 U.S.C. § 1692e(4) when it "threatened [him] with garnishment if the debt was not paid." (*Id.* ¶ 15.) Second, Plaintiff claims that Defendant violated 15 U.S.C. § 1692e(5) when it "threatened to take legal action, without actually intending to do so." (*Id.* ¶ 16.) Third, Plaintiff contends that Defendant violated five separate sub-parts of 15 U.S.C. § 1692g(a) when it "failed to send [him] a validation notice" stating "the amount of the debt" (sub-part (1)), "the name of the original creditor to whom the debt was owed" (sub-part (2)), and his "right to dispute the debt within thirty days" (subpart (3)), informing him "of a right to have verification and judgment mailed to him" (sub-part (4)), and contain-

ing "the name and address of the original creditor" (sub-part (5)). (*Id.* ¶¶ 17–21.) And fourth, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(b) when it "continued collection efforts even though the debt had not been validated." (*Id.* ¶ 22.)

In Count II, Plaintiff alleges that Defendant's collection activities constituted a violation of chapter 93A. And, in Count III, Plaintiff alleges that Defendant intentionally intruded upon his right to privacy "by continually harassing [him] with telephone calls, abusing [him] with condescending and obscene language, and threatening legal action." (*Id.* ¶ 31.) According to Plaintiff, "[t]he telephone calls . . . were so persistent and repeated with such frequency as to be considered hounding [him] and a substantial burden to his existence." (*Id.* ¶ 32 (internal quotation marks omitted).)

### III. DISCUSSION

As a preliminary matter, the court declines Defendant's invitation to consider several documents outside the pleadings and, hence, convert the motion to dismiss into one for summary judgment. *See Garita Hotel Ltd. Pshp. v. Ponce Fed. Bank,* 958 F.2d 15, 18 (1st Cir.1992) (noting that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56") (citing Fed.R.Civ.P. 12(d)). Simply put, conversion is a discretionary decision and, here, the court believes that conversion would unnecessarily delay resolution of the parties' preliminary skirmish. *See id.* (noting that the court may "choose[ ] to ignore the supplementary materials and determine[ ] the motion under the Rule 12(b)(6) standard"). *See also* Fed.R.Civ.P. 12(d) (noting that if extra-pleading materials are allowed "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion") and 56(f) ("If a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."). Accordingly, the court turns directly to the motion as it concerns Plaintiff's three causes of action.

### A. *Chapter 93A*

In his memorandum, Plaintiff "concedes lack of standing" with regard to his chapter 93A claim and indicates that the claim should be dismissed. (Pl.'s Brief at 1 n. 2.) Accordingly, Defendant's motion with respect to Count II will be allowed.

### B. *The FDCPA*

As for Plaintiff's claim under the FDCPA (Count I), Defendant essentially argues that it should be dismissed as a matter of law for Plaintiff's failing to plead sufficient facts supporting any basis for relief. The court disagrees.

In order to prevail on an FDCPA claim, a plaintiff must prove that (1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA. *Som v. Daniels Law Offices, P.C.,* 573 F.Supp.2d 349, 356 (D.Mass. 2008). In the instant case, Plaintiff alleges the following: that he "incurred a financial obligation . . . which meets the definition of a 'debt' under 15 U.S.C. § 1692a(5)"; that "the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff"; and that Defendant—who "is a 'debt collector' as the term is defined by 15 U.S.C. § 1692a(6)"—"then began attempts to collect this debt from the Plain-

tiff." (Complaint ¶¶ 4, 6–8.) Thus, the first and second prongs of the statute have been sufficiently pled.

With regard to the critical third prong—whether Defendant engaged in a prohibited act or omission—Defendant argues that Plaintiff's factual allegations fail to meet the threshold requirement of Fed.R.Civ.P. 8 insofar as he "simply names causes of action and supports them with nothing more than conclusory statements." (Def.'s Brief at 3.) The court finds Defendant's argument unpersuasive.

█ It has long been the case in this circuit that "[g]reat specificity is ordinarily not required to survive a Rule 12(b)(6) motion," *i.e.*, a plaintiff only has to state an actionable claim through "a generalized statement of facts from which the defendant will be able to frame a responsive pleading." *Garita*, 958 F.2d at 17 (citing 5A C. Wright & Miller, *Federal Practice and Procedure* § 1357 (1990)). Here, too, Plaintiff has done so. Plaintiff alleges, for example, that Defendant: "asked … the location of his employment" in order to garnish his wages; "failed to provide [him] with validation of debt within five business days of contacting him"; and "used abusive language in the communications with [him]." (Complaint ¶¶ 10–12. See also *id.* ¶¶ 31–32 (alleging that Defendant was "hounding" him with "persistent and repeated" telephone calls which used "condescending and obscene language" and "threaten[ed] legal action").)

To be sure, Defendant argues that the Supreme Court in *Twombly* (and even more so in *Iqbal*) ramped up the pleading requirements by emphasizing the need for all complaints to be facially "plausible." That may be generally true. *See, e.g., Chao*, 630 F.Supp.2d at 177 (examining *Twombly* and *Iqbal's* plausibility requirements). *But see Brace v. Com. of Mass.*, 673 F.Supp.2d 36, 42, 2009 WL 4756348, at *6 (D.Mass. Dec.10, 2009) (describing how

"the heightened 'plausibility' pleading standard first articulated in *Twombly* and then re-stated in *Iqbal* might not be as universal as" parties may otherwise believe) (citing, *inter alia, Smith v. Duffey*, 576 F.3d 336, 340 (7th Cir.2009)). Even so, Plaintiff in the case at bar has specifically—and plausibly—alleged, with sufficient specificity, eight separate violations of the FDCPA, to wit, that Defendant:

(1) "threatened [him] with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4)";

(2) "threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5)";

(3) "failed to send [him] a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1)";

(4) "failed to send [him] a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2)";

(5) "failed to send [him] a validation notice stating [his] right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3)";

(6) "failed to send [him] a validation notice informing [him] of a right to have verification and judgment mailed to [him], in violation of 15 U.S.C. § 1692g(a)(4)";

(7) "failed to send [him] a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5)"; and

(8) "continued collection efforts even though debt had not been validated, in violation of 15 U.S.C. § 1692g(b)."

(Complaint ¶¶ 15–22.) As such, Plaintiff's complaint fits comfortably within a number of pre- and post-*Twombly* FDCPA decisions which, together, indicate that identifying the proper FDCPA subsections is typically sufficient for pleading purposes.

*See, e.g., McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (complaint simply alleging that a collection letter was "confusing" in violation of 15 U.S.C. § 1692g was enough to survive a motion to dismiss); *Som,* 573 F.Supp.2d at 358–59 (complaint alleging violations of enumerated FDCPA subsections adequately stated a claim to survive dismissal under Rule 12(b)(6)); *Edwards v. Zigler,* 2009 WL 3429661, at *3 (N.D.Cal. Oct. 22, 2009) (granting motion to dismiss FDCPA claim, but specifically noting that plaintiff did not specify which statutory subsection was allegedly violated); *Stark v. Hudson & Keyse LLC,* 2008 WL 4866046, at *4 (E.D.N.Y. Nov. 7, 2008) (holding that a single violation of 15 U.S.C. § 1692e was enough to allege civil liability under the FDCPA).

Indeed, this case is virtually identical to a post-*Twombly* case recently decided in the Southern District of Texas denying the defendant's motion to dismiss. *See Stinson v. GC Servs. L.P.,* 2008 WL 2328210 (S.D.Tex. June 4, 2008). There, as here, the plaintiff alleged specific violations of the FDCPA, as well as a similar claim for invasion of privacy. Among other things, the plaintiff alleged that the defendant contacted his employer and threatened to garnish his wages without giving him the required statutory notice. *Id.,* 2009 WL 2328210, at *1. As is true here, the defendant moved to dismiss, arguing that the plaintiff "merely cited verbatim the statutory provisions at issue without alleging any substantive facts in support" and, hence, "failed to provide [the defendant] fair notice of the basis of the claims." *Id.,* at *2. The court concluded, however, that dismissal was not warranted since the plaintiff had alleged that the defendant "engaged in specific unlawful debt collection practices with regard to a debt allegedly owed by her." *Id.* According to the court, there was "no doubt" that the plaintiff's allegations were "directed specifically

against [the defendant] and [were] not merely examples of unlawful conduct." *Id.* Thus, the court concluded, the defendant had enough information about the plaintiff to "locate [her] account and respond to [her] allegations." *Id.,* at *2–3.

Here, too, Defendant has been given sufficient information in the complaint not only to understand the specific aspects of Plaintiff's multi-faceted FDCPA claim but to respond to his allegations. Accordingly, Defendant's motion to dismiss with respect to Count I will be denied.

## C. Invasion of Privacy by Intrusion Upon Seclusion

Defendant's motion with to dismiss with respect to Count III—Plaintiff's claim of invasion of his privacy by "intrusion upon seclusion"—will be denied as well. Granted, Defendant argues that no such invasion of privacy tort exists in Massachusetts. The court, however, is not prepared to dismiss Count III on that basis since even the case law Defendant cites appears to at least imply that such a claim can be maintained. *See Ayash v. Dana–Farber Cancer Inst.,* 443 Mass. 367, 822 N.E.2d 667, 681 n. 16 (2005) (describing "unreasonable intrusion upon the plaintiff's seclusion" as one "type[ ] of conduct that may give rise to a claim of invasion of privacy") (citing, *inter alia,* W.L. Prosser & W.P. Keeton, *Torts* § 117, at 851–66 (5th ed. 1984), and (*Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 409 Mass. 514, 567 N.E.2d 912, 915 (1991) (in turn, suggesting that intrusive conduct demonstrating pattern of harassment might be actionable))). *Cf. Dasey v. Anderson,* 304 F.3d 148, 153–54 (1st Cir.2002) (gathering cases discussing Massachusetts' "right of privacy" statute).

To be sure, Defendant also argues that, if the FDCPA claim is dismissed, the court should decline supplemental jurisdiction

over Count III pursuant to 28 U.S.C. § 1367(c)(3). Since, as indicated, Plaintiff's FDCPA claim will survive, this argument lacks any traction. Similarly, the court is not prepared at this stage of the litigation, Defendant's suggestion to the contrary, to utilize the supplemental jurisdictional statute to excise Count III simply because it may raise "a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). *See Pejepscot Indus. Park v. Me. Cent. R.R.*, 215 F.3d 195, 206 (1st Cir.2000) noting that any decision under section 1367(c)(1) ("is left to the sound discretion of the district court"). *See also Vera–Lozano v. Int'l Broadcasting*, 50 F.3d 67, 70 (1st Cir.1995) (upholding district court's rejection of section 1367(c)(1) argument where "the federal and state claims arise out of the same set of facts"). At the very least, the issue may be further briefed at the summary judgment stage.

## IV. CONCLUSION

For the reasons stated, Defendant's motion to dismiss is ALLOWED with respect to Count II, but DENIED with respect to Counts I and III. In addition, Defendant's request for costs and fees (included within its motion to dismiss) is DENIED, essentially for the reasons set forth in Plaintiff's opposition. Defendant shall file its answer to Plaintiff's complaint, as amended hereby, within fourteen days, whereupon the Clerk's Office shall schedule a Rule 16 Conference.

IT IS SO ORDERED.