Filed 3/7/17

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| PEGGY O'NEIL-ROSALES, | ) | No. BV 031488 |
| | ) | |
| Plaintiff and Appellant, | ) | Central Trial Court |
| | ) | |
| v. | ) | No. 14K10724 |
| | ) | |
| CITIBANK (SOUTH DAKOTA) N.A. et al., | ) | |
| | ) | |
| Defendants and Respondents. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Sotelo, Judge. Affirmed.

Law Offices of Todd M. Friedman, Todd M. Friedman and Meghan E. George for Plaintiff and Appellant Peggy O'Neil-Rosales.

Hunt & Henriques and Kurtiss A. Jacobs for Defendants and Respondents Citibank (South Dakota) N.A. and Hunt & Henriques.

\* \* \*

1

Plaintiff and appellant Peggy O'Neil-Rosales appeals the judgment entered against her and in favor of defendants and respondents Citibank (South Dakota) N.A. and Hunt & Henriques. Plaintiff contends the trial court erroneously granted defendants' special motions to strike the complaint under Code of Civil Procedure section 425.16 (the "anti-SLAPP" statute).[1] We affirm the judgment.

## BACKGROUND

On August 13, 2014, plaintiff filed a complaint against defendants, asserting causes of action for violation of the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 et seq.) and of the Rosenthal Fair Debt Collection Practices Act (RFDCPA) (Civ. Code, § 1788 et seq.).

Plaintiff alleged that, in 2008, Citibank obtained a judgment and lien against plaintiff's domestic partner, Eduard Rosales (Rosales); the lien was applied to real property on Lewis Avenue in Long Beach that, two years earlier, was put in plaintiff's name only. Plaintiff learned of the lien and judgment in June 2014 when she sought to refinance her home loan, and was advised by her mortgage company that the mortgage could not be refinanced until the judgment and lien were removed or proved invalid. Plaintiff further alleged that, in the year preceding the filing of her complaint, Citibank retained Hunt & Henriques to "contact [p]laintiff in an attempt to collect an alleged outstanding debt." Plaintiff claimed defendants' conduct violated the FDCPA and RFDCPA in "multiple ways" and sought a declaratory judgment to that effect, actual damages, statutory damages, costs and reasonable attorney fees.

Defendants both filed special motions to strike plaintiff's complaint under section 425.16, and plaintiff filed written oppositions in response. The motions were argued and taken under submission on May 26, 2015, and the court issued its ruling granting the motions on May 28, 2015. The court laid out the following facts and observations: (1) defendants' recording of a judgment lien was "the single act" alleged by plaintiff to be a violation of the FDCPA and the RFDCPA; (2) Citibank retained Hunt & Henriques, a law firm, to sue Rosales on an unpaid Citibank account he owed; (3) Citibank obtained a judgment against Rosales for

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

2

$15,616.76; (4) counsel for Citibank then obtained an abstract of judgment from the court and, on September 10, 2010, recorded a lien on real property in Los Angeles County which they believed Rosales had an interest in; (5) the lien identified only Rosales as the judgment debtor, gave the Lewis Avenue address as his "last known address," and provided the last four digits of his Social Security number; and (6) no other collection action was taken against the Lewis Avenue property, Rosales or plaintiff.

The court first determined that defendants met their burden by providing evidence that the filing of the lien was connected with litigation against Rosales and that, as such, it was protected by the litigation privilege. (Civ. Code, § 47, subd. (b).) The court then found plaintiff failed to demonstrate a reasonable probability of prevailing on her claims under the FDCPA and the RFDCPA.

Judgment, including attorney fees in the amount of $5,805, was ordered in favor of defendants on July 15, 2015, and the clerk's notice of entry of judgment was mailed the same day. Plaintiff timely appealed.

*DISCUSSION*

The anti-SLAPP statute was enacted "to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights. [Citation.]" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055-1056.) Under the statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

Application of the anti-SLAPP statute involves a two-step process. First, the moving party must make a threshold showing that the challenged cause of action arose from protected speech or petitioning activity. (*Rusheen v. Cohen*, *supra*, 37 Cal.4th at p. 1056.) To do so, the

activity must fall within the categories of section 425.16, subdivision (e).[2] "'A cause of action "arising from" [a] defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.' [Citations.] 'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action. [Citation.]" (*Rusheen v. Cohen*, *supra*, 37 Cal.4th at p. 1056.) "'A claim does not arise from constitutionally protected activity simply because it is triggered by such activity or is filed after it occurs. [Citation.] Rather, the focus is on the substance of the lawsuit. '[T]he critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech. [Citations.]' [Citation.]" (*World Financial Group, Inc. v. HBW Insurance & Financial Services, Inc.* (2009) 172 Cal.App.4th 1561, 1568-1569 (*World Financial*).) In determining whether a defendant has met its burden, the court considers the pleadings, and supporting and opposing affidavits stating facts upon which the liability or defense is based. (§ 425.16, subd. (b)(2); *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79.)

"[I]f the defendant does not demonstrate this initial prong, the court should deny the anti-SLAPP motion and need not address the second step. [Citation.]" (*Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 271.) However, if the court finds such a showing has been made, it then moves to the second prong of the statute to determine whether the nonmoving party has demonstrated a probability of prevailing on the claim. (*Ibid.*) "'Only a cause of action that satisfies *both* prongs . . . is a SLAPP, subject to being stricken under the statute.' [Citation.]" (*Id.* at pp. 271-272.) "We review the trial court's ruling on an anti-SLAPP motion de novo. [Citations.]" (*World Financial*, *supra*, 172 Cal.App.4th at p. 1568.)

Plaintiff generally alleged in her complaint that defendants violated various provisions of the FDCPA and RFDCPA, including but not limited to those barring debt collectors from

---

[2]"'[A]ct in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 426.16, subd. (e).)

"engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" (15 U.S.C. § 1692d); falsely representing "the character, amount, or legal status of any debt" (15 U.S.C. § 1692e(2)(A)); and "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken" (15 U.S.C. 1692e(5); see also Civ. Code, § 1788.10, subds. (e), (f) & (j)). However, as further alleged in the complaint and stated in the declarations filed in support of plaintiff's oppositions to defendants' motions, the factual basis of each alleged violation was the abstract of judgment that Citibank obtained from the court and recorded as a lien against any real property in the County of Los Angeles in which Rosales had an interest.

The litigation privilege applies to "postjudgment enforcement activities that are necessarily related to the allegedly wrongful communicative act." (*Rusheen v. Cohen*, *supra*, 37 Cal.4th at p. 1063; see also *Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 831 [lien filed to achieve the object of litigation was protected by the litigation privilege, even where the lien resulted in an unlawful seizure of funds].) More to the point, privileged or not, defendants' acts of obtaining an abstract of judgment and recording it as a real property lien fell within the categories of section 425.16, subdivision (e). (*Rusheen v. Cohen*, *supra*, 37 Cal.4th at p. 1056 ["'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action"].) Defendants thus met their burden with respect to showing plaintiff's claim arose from protected activity,[3] and plaintiff was required to show a probability of prevailing on the merits of her claim.

---

[3]Plaintiff argued below, and continues to argue on appeal, that *Rouse v. Law Offices of Rory Clark* (S.D.Cal. 2006) 465 F.Supp.2d 1031 (*Rouse*) compels a different result—i.e., that "the recording of a lien against property based on a default judgment tendered to the County Recorder's Office is a ministerial function falling outside the 'any other official proceeding authorized by law' contemplated in Section 425.16(e)." (*Id.* at p. 1038.) But, while the act by a county recorder of *recording* a properly tendered abstract of judgment would appear to be a ministerial function, it is less clear that the act by a judgment creditor of *tendering* the abstract to the county recorder's office could be considered ministerial. In any case, we are not bound to follow *Rouse* (see *Howard Contracting v. G.A. MacDonald Const. Co.* (1998) 71 Cal.App.4th 38, 52 [federal decisions neither binding nor controlling on matters of state law]), but *are* bound to follow *Rusheen v. Cohen, supra,* 37 Cal.4th 1048 (see *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455-456 [decisions of the California Supreme Court are binding upon and must be followed by all the state courts of California].)

"[T]o prevail on an FDCPA claim, a plaintiff must prove that (1) [s]he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA. [Citation.]" (*Krasnor v. Spaulding Law Office* (D.Mass. 2009) 675 F.Supp.2d 208, 211 (*Krasnor*).) Similar facts must be proved to prevail on a claim under the RFDCPA, which precludes a debt collector from collecting or attempting to collect from a debtor on a consumer debt in a threatening or harassing manner. (See Civ. Code, §§ 1788.10-1788.12, 1788.14-1788.16.)

As noted above, the prohibited collection activities allegedly engaged in by defendants were all factually based on the abstract of judgment obtained from the court and recorded as a judgment lien in connection with, not litigation against plaintiff, but litigation against Rosales. As a result, plaintiff cannot allege, much less prove, she was "the object of collection activity arising from consumer debt" (*Krasnor*, *supra*, 675 F.Supp.2d at p. 211)—or, indeed, of any collection activity engaged in by these defendants. Nor do the declarations of plaintiff and Rosales filed in support of plaintiff's oppositions to defendants' motions attest to any other collection activities undertaken by defendants, whether against plaintiff, Rosales or plaintiff's property.

A judgment lien on real property is created under a money judgment by recording an abstract of the judgment in the office of the county recorder of the county where the real property is located. (§ 697.310, subd. (a).) In California, mere entry of judgment does not create a real property lien. (*Behniwal v. Mix* (2007) 147 Cal.App.4th 621, 635.) A judgment lien on real property is a *general* lien, attaching to practically all of the judgment debtor's real property interests where an abstract of judgment is recorded. (§ 697.340, subd. (a) ["A judgment lien on real property attaches to all interests in real property in the county where the lien is created (whether present or future, vested or contingent, legal or equitable) that are subject to enforcement of the money judgment against the judgment debtor pursuant to Article 1 (commencing with Section 695.010) of Chapter 1 at the time the lien was created, . . ."]; *Livingston v. Rice* (1955) 131 Cal.App.2d 1, 3-4.) The lien is created even though the particular real property interests are not described, and regardless of whether the

6

judgment creditor even knows they exist. Further, the lien attaches not only to real property interests presently held by the judgment debtor, but to those acquired in the future, thus assuring the judgment creditor priority as to after-acquired interests. (§ 697.340, subd. (b).)

The abstract of judgment in the instant matter, which Citibank recorded in Los Angeles County on September 10, 2008, did not show plaintiff as a judgment debtor, and it was the last four digits of Rosales's social security number, not plaintiff's, that were specified. The abstract clearly applied to Rosales, not plaintiff. Thus, it did not create a lien against the Lewis Avenue property unless Rosales had a real property interest in the property. (See § 697.340, subd. (a); *Kinney v. Vallentyne* (1975) 15 Cal.3d 475, 478-479; *Grothe v. Cortlandt Corp.* (1992) 11 Cal.App.4th 1313, 1320.) Assuming plaintiff was correct and Rosales had no real property interest in the Lewis Avenue property, Citibank's recording of the abstract did not create a real property lien against the Lewis Avenue property, and the alleged factual basis of plaintiff's claim is utterly negated.

To the extent the abstract *appeared* to create a lien against plaintiff's real property,[4] her remedy was not to file a lawsuit under the FDCPA and the RFDCPA against defendants, who in any case did not violate either statutory scheme. Plaintiff could have, for example, filed a motion to correct the abstract and/or deliver a recordable document releasing the erroneous judgment lien (§ 697.410). In any event, plaintiff cannot and did not show she could prevail in her action.[5]

---

[4]There was a fair amount of discussion at the motion to strike hearing regarding the fact the Lewis Avenue address appeared in two places on the recorded abstract of judgment—i.e., as Rosales's "last known address" and as the address where Rosales was served the summons. The abstract of judgment form is a mandatory Judicial Council form (Judicial Council Forms, form EJ-001) and, as such, solicits the entry of various required pieces of information, including these two addresses. Neither entry—nor any other entry on the form—purports to identify the location of real property in which the judgment debtor has, or may have, a real property interest.

[5]We note, but do not reach, the argument of Hunt & Henriques that, because they are a law firm, plaintiff's RFDCPA claim fails as a matter of law as to them because attorneys are not "debt collectors" under the RFDCPA. (See Civ. Code, § 1788.2, subd. (c) ["The term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term . . . does not include an attorney or counselor at law"]; see also *Carney v. Rotkin* (1988) 206 Cal.App.3d 1513, 1526; *Owings v. Hunt & Henriques* (S.D.Cal. 2010) 2010 U.S. Dist. LEXIS 91819, *7 [rejecting the plaintiff's argument that the RFDCPA excludes attorneys but not law firms].)

7

*DISPOSITION*

The judgment is affirmed.  Costs on appeal are awarded to defendants.

 

 

 

                                             _____

                                              C. Lee, J.*

We concur.

 

 

_____           _____

Ricciardulli, Acting P. J.                 B. Johnson, J.

 

 

*Retired judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.