Filed 10/27/21  DeLong v. Engel & Engel CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JOHN and JUDITH DELONG,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>ENGEL & ENGEL, LLP, et al.,<br><br>Defendants and Respondents. | B307895<br>(Los Angeles County<br> Super. Ct. No. 19STCV35635) |

APPEAL from an order of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Affirmed.

Randall S. Waier for Plaintiffs and Appellants.

Biggins Law Group and Chad Biggins for Defendants and Respondents Engel & Engel, LLP and Douglas C. Biggins.

Tisdale & Nicholson and Michael D. Stein for Defendant and Respondent Engel & Engel, LLP.

Wilcox, Dunakin, Christopolous and Chad C. Wilcox for Defendant and Respondent Douglas C. Biggins.

This action arose out of defendant attorney Douglas C. Biggins's efforts at successfully enforcing a judgment he had obtained in an underlying case in favor of his client, defendant Engel & Engel, LLP (Engel), and against plaintiffs John and Judith DeLong.  To satisfy the judgment, Biggins received a pay-off out of escrow funds held by First American Title Company (First American),[1] an escrow company responsible for overseeing the sale of the DeLongs' property.  Despite the disbursement of escrow proceeds to Biggins and the DeLongs, the DeLongs filed this action for declaratory relief seeking declarations that Biggins's conduct in enforcing the judgment were "legally and procedurally" unenforceable.  The complaint challenged Biggins's conduct of amending the abstract of judgment to include the DeLongs as co-trustees of their inter vivos trust (which held legal title to the property out of which the escrow proceeds were distributed); filing writs of execution and a notice of an attorney lien; and submitting a letter in response to First American's request to pay-off the judgment lien.

Biggins and Engel filed motions to strike the complaint under Code of Civil Procedure section 425.16 (the anti-SLAPP statute), and argued inter alia that the challenged conduct was protected under the anti-SLAPP statute and barred under the litigation privilege (Civ. Code, § 47, subd. (b).)[2]  The trial court agreed, and struck the complaint as to Biggins and Engel.

---

[1]     First American is not a party to this appeal.

[2]     Unspecified statutory references are to the Code of Civil Procedure.

The DeLongs appeal from the court's order granting both motions to strike, and challenge each basis on which the court relied when making its ruling. We affirm the order.

## BACKGROUND[3]

A.    *The Underlying Judgment*

Representing Engel in an action entitled *Engel & Engel LLP v. John DeLong and Judith DeLong* (case No. BS152124), Biggins obtained a judgment confirming an arbitration award of $75,949.02 in favor of Engel and against the DeLongs jointly and severally for prior unpaid accounting services. On November 8, 2016, the court issued an abstract of judgment, and Biggins filed a writ of execution without requesting a notice of sale. Biggins recorded the abstract of judgment in Los Angeles County on December 6, 2016.

On May 30, 2017, Biggins filed an affidavit of identity requesting the inclusion of John and Judith DeLong as judgment debtors in their capacity as co-trustees of the DeLong Family Trust. Biggins attached three quitclaim deeds in which the DeLongs transferred ownership in tracts of land in Los Angeles County as husband and wife to themselves as co-trustees. The same day, Biggins filed an amended abstract of judgment naming the DeLongs as judgment debtors individually and as

---

[3]    The record on appeal contains the complaint, pleadings, and evidence in support of and in opposition to the motions to strike. The DeLongs and Engel filed various objections to the evidence. The court's rulings are not challenged on appeal, and accordingly we summarize the evidence in accordance with those rulings.

3

co-trustees of the DeLong Family Trust. The court signed the affidavit of identity and issued an order naming the DeLongs judgment debtors individually and in their capacity as co-trustees of the DeLong Family Trust.

On August 18, 2017, the court issued an amended abstract of judgment. Four days later, Biggins recorded the amended abstract of judgment in Los Angeles County.

Biggins filed and served on the DeLongs a notice of attorney lien for his fees and costs on January 31, 2019. The notice of attorney lien was not recorded.

B. *Escrow and Pay-Off to Satisfy the Judgment*

In 2019, the DeLongs initiated an escrow at First American for the sale of apartments to which they held title as co-trustees of the DeLong Family Trust. At some point, First American became aware of the judgment liens in the underlying case. In response to First American's request to pay-off the judgment liens, on April 9, 2019, Biggins sent First American a written demand for payment in the amount of $149,904.69 with daily interest.

On April 23, 2019, the DeLongs' counsel of record, Randall Waier, informed First American that the DeLongs objected to Biggins's demand for a pay-off, as the underlying judgment did not include them in their capacity as co-trustees. In correspondence with First American in May 2019, Waier requested 90 days to "'clear title'" by petitioning the court "to remove the abstract . . . or otherwise challenge the propriety of the abstract." Waier would notify First American of the court date, "at

4

which time First American may want to interplead the funds into Court."

Escrow closed in July 2019. On October 1, 2019, Waier sent Engel a written demand for the release of the judgment lien. Despite acknowledging Engel's ability as judgment creditor to enforce the judgment against trust assets held by a trust settlor-debtor,[4] Waier noted "there is one procedural hurdle. The *judgment* must denominate the trustee, in that capacity, as an additional judgment debtor." The same day Waier sent Engel a demand letter, First American paid $162,375.83 out of escrow to satisfy Biggins's demand for pay-off.

On October 3, 2019, First American released to the DeLongs the remaining funds held in escrow. In doing so, First American noted that it had received "[n]o communication . . . from you nor did we receive a lowered demand within the 90 days therefore the original demand was paid to the judgment holder in the amount of $162,375.83."

Engel filed an acknowledgement of satisfaction of the underlying judgment on October 4 and 15, 2019.

C.    *The Instant Action*

On October 4, 2019, the DeLongs, individually and as co-trustees of the DeLong Family Trust, filed a complaint for declaratory relief against Engel, Biggins, and First American, and alleged as follows:

---

[4]    Section 18200 of the Probate Code provides: "If the settlor retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor."

5

"(1) Biggins' lien notice . . . is unenforceable until its validity and the amount of the Judgment to be paid to Biggins has been judicially or otherwise resolved between Biggins and Engel;

"(2) Engel's original writ of execution . . . and any others which have been subsequently issued, are legally and procedurally unenforceable as to assets and funds owned by the DeLong Family Trust; and,

"(3) First American is procedurally and legally precluded to pay any of the demanded proceeds to Engel and/or Biggins from those directed to be paid to the DeLong Family Trust . . . and, now is legally required to interplead these funds in this litigation; and,

"(4) Engel's recorded abstracts of judgment are legally and procedurally unenforceable as to the assets owned by the DeLong Family Trust."

The DeLongs sought judicial declarations as to each of these contentions, an injunction requiring First American to interplead the escrow funds into court, and for costs of suit.

D.    *The Anti-SLAPP Proceedings*

Biggins and Engel filed separate motions to strike the complaint under section 425.16, and introduced various exhibits in support, including the abstracts of judgment, notice of attorney lien, and communications between Biggins and First American.

6

## 1.    *The Special Motions to Strike*

In his motion to strike, Biggins argued that his challenged conduct was protected activity aimed at enforcing a judgment.  (See § 425.16, subds. (e)(1), (e)(2).)  He also argued the DeLongs could not establish a probability of prevailing on the merits because the litigation privilege (Civ. Code, § 47) barred each claim; assets in the trust were subject to enforcement even if the judgment did not name the DeLongs as judgment debtors in their capacity as co-trustees (Prob. Code, § 18200); and First American had already satisfied the judgment.  Biggins also asserted the DeLongs had no standing to contest the attorney lien.

Engel repeated the same arguments in its own motion to strike, and argued that the DeLongs' claims were meritless because the court had already amended the judgment to include them as judgment debtors in their capacity as co-trustees.


## 2.    *The DeLongs' Oppositions*

Relying on *Drell v. Cohen* (2014) 232 Cal.App.4th 24 (*Drell*), the DeLongs opposed both motions to strike, and argued their complaint did not challenge the exercise of filing pleadings or recording abstracts of judgment.  Rather, they alleged the gravamen of the complaint questioned "the validity or invalidity" of those filed documents and Biggins's demand letter.  Moreover, the DeLongs alleged that the gravamen of their complaint challenged the accuracy or amount of Biggins's demand for a pay-off.  The DeLongs argued their complaint possessed the requisite merit to survive a motion to strike because the litigation privilege did not apply to declaratory relief actions, and the

7

order Biggins obtained amending the judgment was invalid. In their view, the order was made invalid by Biggins's failure to concurrently file an application for writ of execution with his affidavit of identity "as mandated by section 680.135."[5]

The DeLongs introduced various documents and declarations in support of their oppositions. In his declaration, John DeLong alleged that their complaint questioned "whether the amount disbursed" to Biggins was accurately calculated.

3. *The Replies*

In their replies, Biggins and Engel argued inter alia that the pay-off by First American and the filing of the acknowledgement of satisfaction of judgment rendered the DeLongs' complaint moot. They also argued that section 680.135, as relied on by the DeLongs, actually confirmed the validity of the court's order amending the judgment, as the filing of Biggins's affidavit of identity was accompanied by a filed abstract of judgment.

---

[5] Section 680.135 codifies what must be provided in an affidavit of identity. The statute also defines "'Affidavit of Identity'" as "an affidavit or declaration executed by a judgment creditor, under penalty of perjury, that is filed with the clerk of the court in which the judgment is entered at the time the judgment creditor files for a writ of execution or an abstract of judgment."

### 4. *The Trial Court's Ruling*

Following a hearing in which the court took the matter under submission,[6] the court granted both motions and struck the entire complaint as to Biggins and Engel. The court found that the entire action against Biggins and Engel arose out of their efforts at enforcing a judgment, all of which constituted protected conduct. The DeLongs' reliance on *Drell, supra*, 232 Cal.App.4th 24, was misplaced, as that particular action did not seek to prevent the court filings and litigation-related communications "by challenging its procedural defects."

The court also found the DeLongs had failed to establish a probability of prevailing on the merits, because the litigation privilege barred their claims for relief, and their action was "untimely," as "the satisfaction of judgment already occur[red]."

## DISCUSSION

### A. *Governing Principles and Standard of Review*

Section 425.16 provides in relevant part: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) An

---

[6] A reporter's transcript from the hearing on both motions to strike was not made part of the record on appeal.

"'act in furtherance of a person's right of petition or free speech'" includes "(1) any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law, [or] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law." (§ 425.16, subd. (e).)

A trial court presented with a motion to strike engages in a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one 'arising from' protected activity. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76.) To satisfy this burden, the plaintiff must demonstrate that each of the claims alleged is both legally sufficient and supported by proof upon competent evidence. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788; *Zamos v. Stroud* (2004) 32 Cal.4th 958, 965.) If the plaintiff does not meet his or her burden, the court shall strike the claim. (*Briganti v. Chow* (2019) 42 Cal.App.5th 504, 508.)

We review the trial court's determination on a motion to strike de novo, engaging the same two-step process as the trial court. (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1016–1017.)

10

B.    *Analysis*

    1.    *Step One:  Arising From Protected Activity*

To determine whether the declaratory relief action "aris[es] from" protected activity, we review the allegations in the complaint to determine whether the actual controversy upon which the DeLongs' claims for declaratory relief "'was *based on* an act in furtherance of the defendant[s'] right of petition or free speech.'  [Citation.]"  (*Gotterba v. Travolta* (2014) 228 Cal.App.4th 35, 42 (*Gotterba*); *Guessous v. Chrome Hearts, LLC* (2009) 179 Cal.App.4th 1177, 1186.)

The DeLongs' complaint sought declarations that the notice of attorney lien, writ(s) of execution, demand for pay-off, and recorded abstracts of judgment are each "legally and procedurally" defective or unenforceable.  These writings are unquestionably protected communications under subdivisions (e)(1) and (e)(2) of section 425.16.  (See *Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 831 (*Olszewski*) [lien filed to achieve object of litigation]; *O'Neil-Rosales v. Citibank (South Dakota) N.A.* (2017) 11 Cal.App.5th Supp. 1, 6 (*O'Neil-Rosales*) [abstract of judgment]; *O&C Creditors Group, LLC v. Stephens & Stephens XII, LLC* (2019) 42 Cal.App.5th 546, 567–574 (*O&C Creditors*) [communications to settle litigation and disburse proceeds]; *Thayer v. Kabateck Brown Kellner LLP* (2012) 207 Cal.App.4th 141, 158 [attorney representation made on behalf client].)

Despite their concession that the complaint challenges "the procedural steps" Biggins used to obtain payment from escrow proceeds, the DeLongs now contend their complaint "primarily seeks a

11

declaration that the judgment was *overpaid* by First American improvidently out of trust assets." (Italics added.)

At no point in their complaint did the DeLongs challenge the amount of payment First American made to Biggins. The only allegation questioning the amount First American paid to satisfy the judgment lien appears in John DeLong's declaration in support of the DeLongs' opposition to the motions to strike. Such declaration may not be used to amend the complaint. (See *Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073; *South Sutter, LLC v. LJ Sutter Partners, L.P.* (2011) 193 Cal.App.4th 634, 666 [allowing a plaintiff to amend their complaint would be "inconsistent with the purpose of the SLAPP statute"].)[7]

As they did in the trial court, the DeLongs primarily rely on *Drell* for the proposition that their complaint does not challenge litigation-related communications, but rather simply refers to the communications "as evidence" that Biggins was improperly paid out of escrow proceeds. (See *Drell, supra,* 232 Cal.App.4th at p. 29 ["Where the protected activity will only be used as evidence in the case, and no claim is based on it, the protected activity is only incidental to the claims" and is not protected under § 425.16].)

---

[7] The only allegation in the complaint referring to an "amount" was made with respect to Biggins's notice of attorney lien. That very allegation makes clear that the controversy had nothing to do with the DeLongs, but existed "between Biggins and Engel." The DeLongs do not challenge in this appeal the amount owed Biggins for his services performed in the underlying action.

12

We agree with the trial court that *Drell* is readily distinguishable. In that case, the defendants (an attorney and his firm) asserted an attorney lien after withdrawing as counsel in a personal injury action. (232 Cal.App.4th at p. 26.) The defendants informed one of the insurers in the personal injury case that any payment of funds was subject to a lien for their fees based on a contingency agreement. (*Id.* at pp. 26–27.) The plaintiff (new counsel of record) obtained a settlement in the personal injury action, after which the insurer made a check payable to both plaintiff and defendants. (*Id.* at p. 27.) The declaratory relief action filed sought a determination of the attorneys' respective rights to their fees from the settlement. (*Ibid.*)

Unlike in *Drell*, where the plaintiff's challenge was not based on litigation-related communications (the challenge instead was based on the attorneys' competing agreements with the client), the DeLongs' complaint here is based entirely on Biggins's conduct of enforcing the underlying judgment. In other words, if Biggins's court filings and demand letter were removed from the complaint, no dispute would exist in this case. (Accord, *O&C Creditors, supra,* 42 Cal.App.5th at p. 571; *Gotterba, supra,* 228 Cal.App.4th at p. 42; *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1062 (*Rusheen*).) We therefore proceed to the next step of determining whether the DeLongs established a probability of prevailing.

13

2.       *Step Two:  Probability of Prevailing on the Merits*

The DeLongs contend they have established a probability of prevailing, because the litigation privilege does not extend to Biggins's demand for pay-off, or his notice of attorney lien.  They also argue Biggins was not authorized by his client to demand a pay-off.  Finally, they assert that Biggins and Engel were legally required to be joined as indispensable parties, as both had "alleged rights to the release of escrow proceeds in satisfaction of the judgment."

In order to establish a probability of prevailing on the claim, a plaintiff responding to an anti-SLAPP motion must state and substantiate a legally sufficient claim.  (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2006) 136 Cal.App.4th 464, 476.)  To do so, the plaintiff must demonstrate that the challenged cause of action was """both legally sufficient and supported by a sufficient prima facie showing of facts . . . ."""  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89–90.)

To begin with, the DeLongs have furnished no legal argument with respect to Biggins's authority to demand a pay-off of the judgment lien on behalf of his client.  We deem that contention forfeited.  (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.)  Moreover, the DeLongs have failed to demonstrate how the indispensability of Biggins and Engel as parties substantiates a legally sufficient claim.  The fact that either defendant could be deemed indispensable (the trial court did not rule on this issue) did not require the DeLongs to include them in their lawsuit.  (See *American Indian Model Schools v. Oakland Unified School Dist.*

14

(2014) 227 Cal.App.4th 258, 296 [""'[a] court has the power to proceed with a case even if indispensable parties are not joined'"'"].)

Equally unavailing is the DeLongs' contention that the litigation privilege does not apply to Biggins's letter to First American or his notice of attorney lien.[8] The litigation privilege protects any communications made in a judicial proceeding or "in the initiation or course of any other proceeding authorized by law," and may prevent a plaintiff's ability to demonstrate a probability of prevailing on the merits. (Civ. Code, § 47, subd. (b); see *Flatley v. Mauro* (2006) 39 Cal.4th 299, 323.) "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) "''Any doubt about whether the privilege applies is resolved in favor of applying it.'" [Citation.]" (*Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 116.)

The DeLongs argue that Biggins's letter and notice of attorney lien "did not further the underlying purposes of the litigation privilege[s]" because they were not made to a tribunal prior to or during a judicial proceeding. The DeLongs are mistaken.

---

[8] The arguments in the DeLongs' appellate briefs do not reference or analyze the writs of execution or abstracts of judgment. We do not consider whether these particular communications fall under the litigation privilege. (*Jones v. Jacobson* (2011) 195 Cal.App.4th 1, 19, fn. 12 ["issues and arguments not addressed in the briefs on appeal are deemed forfeited"].)

The litigation privilege "'applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved.'" (*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 955; *Rusheen, supra*, 37 Cal.4th at p. 1057 [litigation privilege is "not limited to statements made during a trial" but may extend to "steps taken prior thereto, or afterwards"].) Here, Biggins's letter and notice of attorney lien were made during pending litigation (the underlying action) and were aimed at the realization of litigation objectives: the collection of a judgment and payment for work performed. (See *O'Keefe v. Kompa* (2000) 84 Cal.App.4th 130, 135; *Olszweski, supra,* 30 Cal.4th at p. 831; see *O'Neil-Rosales, supra,* 11 Cal.App.5th Supp. at p. 6.) Thus, the litigation privilege precluded any possibility of the DeLongs prevailing on the merits of their claim.

Even assuming the litigation privilege does not apply, the DeLongs have still failed to establish an actual controversy on which to base a legally sufficient claim for declaratory relief. (See § 1060 [declaratory relief actions require an "actual controversy" that is currently active between the parties].) At the time the DeLongs filed their complaint, there was no actual controversy pending with respect to the parties' rights to receive escrow proceeds: Biggins and Engel had already been paid an amount certain to satisfy the underlying judgment. "'Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs. [Citation.]' [Citations.] A declaratory judgment "'serves to set controversies at rest before they

16

lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them." [Citations.]' [Citation.]" (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 607–608.)

In sum, the DeLongs' declaratory relief action arose of out activity protected by section 425.16. Because that activity is absolutely privileged under Civil Code section 47, and because the complaint does not state an actual controversy on which to obtain declaratory relief, the court did not err in granting the motions to strike the entire complaint as to Biggins and Engel.

## DISPOSITION

The order is affirmed. Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

COLLINS, J.

CURREY, J.

17