Filed 5/2/23  Topolewski v. AECOM Energy & Construction CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| GARY G. TOPOLEWSKI, | B318107 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV30981) |
| v. | |
| AECOM ENERGY & CONSTRUCTION, INC. | |
| Defendant and Respondent. | |

APPEAL from a Judgment of the Superior Court of California. Terry A. Green, Judge. Affirmed.

Jeffer, Mangels, Butler & Mitchell, Stanley M. Gibson, Susan Allison, and Dan P. Sedor for Plaintiff and Appellant.

Sklar Kirsh, Justin M. Goldstein, and Rachael W. Hiatt for Defendant and Respondent.

## INTRODUCTION

Gary G. Topolewski appeals an order granting defendant AECOM Energy & Construction, Inc.'s special motion to strike under Code of Civil Procedure section 425.16,[1] commonly known as an anti-SLAPP motion. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In July 2017, AECOM sued Topolewski, who owned a clothing business known as Metal Jeans, Inc., for trademark infringement under both state and federal law in the United States District Court for the Central District of California (federal action). AECOM alleged in the federal action that Topolewski and others wrongfully used trademarks associated with AECOM's predecessor, Morrison Knudsen Corporation.

AECOM obtained summary judgment in November 2018 against Topolewski in the federal action in the amount of approximately $1.8 billion plus interest, with attorneys' fees of approximately $900,000. Thereafter, in September 2019, AECOM recorded an abstract of judgment with the Los Angeles County Recorder reflecting the damages and attorneys' fees awards.

AECOM filed a separate state court action in November 2019 to set aside an allegedly fraudulent conveyance of real property by Topolewski to a third party (fraudulent conveyance action). AECOM asserted a judgment lien on all of Topolewski's real property interests in Los Angeles County.

The United States Court of Appeals for the Ninth Circuit reversed and vacated the judgment in the federal action in March

_____

1  All further statutory references are to the Code of Civil Procedure unless otherwise noted.

2021, finding insufficient evidence supported the damages award. Based upon the Ninth Circuit's ruling, in May 2021, Topolewski asked AECOM to withdraw its abstract of judgment. AECOM refused, and in June 2021, recorded an amended abstract of judgment asserting the nearly $900,000 in attorneys' fees but omitting the $1.8 billion damages judgment. AECOM thereafter continued to refuse to withdraw the original or amended abstracts.

In June 2021, the judge in the fraudulent conveyance action found that AECOM's judgment in the federal action was not final because the amount of damages had been vacated. Further, the court found that AECOM could not obtain judgment in its state case "while the sole basis for its claim remains disputed in the [federal] action. . . . But the absence of an underlying judgment does not prevent A[ECOM] from initiating and prosecuting the present suit short of judgment . . . ."

On August 20, 2022, Topolewski filed this action for abuse of process based upon AECOM's refusal to withdraw the abstracts of judgment. AECOM responded to the complaint with its anti-SLAPP motion on October 19, 2022.

As is well known, "[t]he anti-SLAPP statute requires a two-step process: 'At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them. . . . If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached. There, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated. The court, without resolving evidentiary conflicts, must determine whether the plaintiff's showing, if

3

accepted by the trier of fact, would be sufficient to sustain a favorable judgment. If not, the claim is stricken.' (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*).) In making these determinations the court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).)" (*Briganti v. Chow* (2019) 42 Cal.App.5th 504, 508 (*Briganti*)).

AECOM, as the moving defendant, argued to the trial court its judgment enforcement activity was protected under section 425.16 and Topolewski could not establish a probability of success on his abuse of process claim because the litigation privilege of Civil Code section 47 provided a complete and absolute defense to Topolewski's claims.

Topolewski's opposition asserted, essentially, that AECOM had not satisfied the requirements of the first step because his claim was based upon AECOM's refusal to remove the abstracts of judgment after the judgment in the federal action was reversed, not the initial filing of the abstracts. Further, according to Topolewski, he had established that AECOM acted with an improper purpose in maintaining the abstracts, thus establishing he had a reasonable probability of prevailing on his abuse of process claim.

At the hearing, the trial court found that the material facts were undisputed for the purposes of the motion. As for the first step, the court found Topolewski conceded the recordation of the abstracts was protected but asserted that AECOM's refusal to withdraw them was the basis of his claim. The court found the refusal to withdraw the abstracts was protected activity. As for the second step, the court found that AECOM's decision to leave the abstracts in place was privileged under Civil Code section 47,

4

subdivision (b). The court relied on *O'Keefe v. Kompa* (2000) 84 Cal.App.4th 130, 134, and *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1059-1060, which both held that recording and maintaining abstracts of judgment were protected and privileged. Lastly, the court observed that Topolewski's remedy for release of the lien created by the amended abstract was to return to the federal court to seek redress.

The trial court granted AECOM's motion and dismissed Topolewski's complaint with prejudice.

AECOM moved for its attorneys' fees and costs incurred in connection with the motion. The trial court awarded $41,055.75 in attorneys' fees, less than AECOM requested.[2]

## DISCUSSION

On appeal, Topolewski maintains his contention that AECOM's refusal to withdraw the abstracts (rather than the act of recording them) was not protected activity within the scope of section 425.16; further, he asserts the litigation privilege applies only to communicative acts, not AECOM's passive inaction in failing to remove the abstracts. We disagree with Topolewski and agree with the trial court that Topolewski's remedy is to return to the federal district court to seek an appropriate order, such as an order releasing the lien created by the abstracts or requiring AECOM to record an appropriate document to the same effect. (Cf. § 697.410 subd. (c) [outlining similar relief available in state court actions].) Of course, we take no position on how the federal court should rule on any such motion.

---

2     Although AECOM separately cross-appealed this award and that action was consolidated with this action, AECOM has dismissed its cross-appeal.

5

## I. The Trial Court Correctly Found AECOM's Recordation of and Refusal to Withdraw the Abstracts of Judgment Constituted Protected Activity.

### A. Code of Civil Procedure Section 425.16.

A SLAPP suit is a meritless lawsuit brought primarily to inhibit or punish the exercise of the constitutional right of petition or free speech. (§ 425.16, subd. (a); *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 59-60.) The purpose of the anti-SLAPP statute is to weed out early in litigation meritless claims arising from protected activity. (*Central Valley Hospitalists v. Dignity Health* (2018) 19 Cal.App.5th 203, 216.) To that end, the Legislature has declared that the statute "'shall be construed broadly.'" (*Ibid*; § 425.16, subd. (a).)

As noted above, the trial court's analysis of an anti-SLAPP motion is two-fold. (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884 (*Wilson*).) First, the trial court determines whether the moving party (typically, the defendant) has made a threshold showing that the challenged claims arose from a protected activity. (*Briganti, supra*, 42 Cal.App.5th at p. 508; § 425.16, subd. (b)(1).) If the movant makes this threshold showing, the burden shifts to the opposing party to demonstrate a probability of prevailing on the claims. (*Briganti, supra*, 42 Cal.App.5th at p. 508; § 425.16, subd. (b)(1).)

If the defendant fails to meet its burden on the first step, the trial court should deny the motion; it need not proceed to the next step to evaluate the merits. (*Sheley v. Harrop* (2017) 9 Cal.App.5th 1147, 1162.) "A cause of action is subject to dismissal under the statute only if both steps of the anti-SLAPP analysis are met." (*Malin v. Singer* (2013) 217 Cal.App.4th 1283, 1293; *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260,

6

278-279.) The "focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92, original italics.)

"In deciding whether the 'arising from' requirement is met, a court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b).)" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79; *Wittenberg v. Bornstein* (2020) 50 Cal.App.5th 303, 315.) The trial court must look beyond plaintiff's characterization of defendant's conduct to determine, based on competent evidence, whether the plaintiff's claims arise from protected speech or conduct. (See *Stewart v. Rolling Stone LLC* (2010) 181 Cal.App.4th 664, 679 [the court does "not evaluate the first prong of the anti-SLAPP test solely through the lens of a plaintiff's cause of action"].)

We review the trial court's ruling granting the anti-SLAPP motion de novo. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) Thus, we employ the same two-step procedure as did the trial court in determining if AECOM's anti-SLAPP motion was properly granted. (*Weeden v. Hoffman* (2021) 70 Cal.App.5th 269, 282.)

B. Analysis.

1. First Step.

To satisfy its burden on the first step of the anti-SLAPP analysis, AECOM was required to make a prima facie showing that Topolewski's claims against it "arose from" an act performed in furtherance of its rights of petition or free speech. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th

1057, 1063 [a claim is the "activity allegedly giving rise to liability"].) AECOM was not required to prove its conduct is constitutionally protected as a matter of law. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 319.) The question is only whether AECOM made a prima facie showing that the activity underlying the claims alleged against it is statutorily protected. (*Wilson, supra*, 7 Cal.5th at p. 888.) In determining whether the claims arise from protected activity, we do not consider the legitimacy of plaintiff's claims. (*Coretronic Corp. v. Cozen O'Connor* (2011) 192 Cal.App.4th 1381, 1388 ["Arguments about the merits of the claims are irrelevant to the first step of the anti-SLAPP analysis"].)

The categories of "protected activity" under section 425.16 relevant here encompass "any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law," and "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law." (§ 425.16, subd. (e)(1) & (2).) Thus, a defendant's act of obtaining an abstract of judgment and recording it as a real property lien falls within section 425.16, subdivision (e). (*O'Neil-Rosales v. Citibank (South Dakota) N.A.* (2017) 11 Cal.App.5th Supp. 1, 6; *Weeden v. Hoffman, supra,* 70 Cal.App.5th at p. 285, fn. 3.)

As noted above, however, Topolewski argues that it is not AECOM's act of recording the abstracts, but its refusal to withdraw them that forms the basis of his action. He contends AECOM's refusal is not within the scope of section 425.16. We decline to narrow the statute in that way. Topolewski concedes that filing the abstracts is protected activity. Although he

8

contends AECOM should have withdrawn the abstracts after its judgment against him was reversed and the case was remanded to the district court, he does not adequately articulate why leaving them in place is not also protected speech or petitioning activity. Both filing and not withdrawing the abstracts are protected speech within the scope of the anti-SLAPP statute. The abstracts serve as notice of AECOM's claim, whether the claim is valid or not. And the abstracts clearly constitute a "written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body" as provided for in the statute. (§ 425.16, subd. (e)(2).)

### 2.    *Second Step.*

For the second step of the anti-SLAPP analysis, we do not weigh evidence or resolve conflicting factual claims. (*Baral, supra,* 1 Cal.5th at p. 384.) Instead, we limit our inquiry to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment if the plaintiff's evidence is credited. (*Id.* at pp. 384-385.) A court accepts the plaintiff's evidence as true and evaluates a defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law. (*Id.* at p. 385.)

"To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." (*Rusheen v. Cohen, supra*, 37 Cal.4th at p. 1057.)

At this stage, a plaintiff must show that any asserted defenses are inapplicable as a matter of law or make a prima facie showing of facts that, if accepted, would negate such defenses. (*Birkner v. Lam* (2007) 156 Cal.App.4th 275, 285.) The

9

litigation "privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) Thus, communications with some relation to judicial proceedings are absolutely immune from tort liability. (*Rubin v. Green* (1993) 4 Cal.4th 1187, 1193.)

AECOM's judgment enforcement efforts are clearly privileged under Civil Code section 47, subdivision (b). The action giving rise to Topolewski's suit, whether filing the abstracts of judgment, or leaving them on file, was an extension of the judicial process in the federal action. (See, e.g., *O'Keefe v. Kompa, supra,* 84 Cal.App.4th at p. 134 [filing of abstract of judgment in furtherance of collection efforts privileged].)

As noted above, Topolewski argues that his claim is focused upon AECOM's refusal to remove the abstracts, which he contends is a noncommunicative act that is not protected by the litigation privilege. We disagree. Both the filing of the abstract and leaving them on file are communicative acts: they provide notice of AECOM's claim to prospective purchasers of real property owned by the purported judgment debtor. And as noted above, they are protected by the litigation privilege.

In conclusion, we point out that Topolewski is not without a remedy for what he contends are improper abstracts of judgment. A federal court judgment, "once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside *in the court of rendition*." (See, e.g., *Martin v. Martin* (1970) 2 Cal.3d 752, 761, italics added.) As a result, the federal court, not this court, has jurisdiction over the trademark litigation and is the

10

court with the power to effect modification of the abstracts. (See, e.g., *ibid.*)

## II.   ATTORNEYS' FEES.

The prevailing defendant on an anti-SLAPP motion "shall be entitled to recover [his or her] attorney' s fees and costs." (§ 425.16, subd. (c)(1).) "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.) Topolewski argues that if we reverse the trial court's order, the attorneys' fees award must also be reversed.

However, Topolewski makes no argument that the fee award was in an unwarranted amount. As a result, as we affirm the trial court's order, we affirm the award of AECOM's attorneys' fees.

## DISPOSITION

The order of the superior court is affirmed.  AECOM is to recover its costs on appeal.



CURREY, Acting P.J.

We concur:



COLLINS, J.



ZUKIN, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.